JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 11 CIV 5685

--------------------------------------------------------------

JAMES PUCKETT, individually and on behalf
of any and all similarly situated consumers,

Civil Action No.:

                    Plaintiff(s),

          -against-

**CLASS ACTION
COMPLAINT**

CHECK PLUS SYSTEMS, L.P. d/b/a
CPS SECURITY

**DEMAND FOR JURY TRIAL**

                    Defendant.

--------------------------------------------------------------

*Stamp:* AUG 16 2011 U.S.D.C. S.D. N.Y. CASHIERS

        Plaintiff JAMES PUCKETT ("Plaintiff") and similarly situated consumers, by and

through their attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for their

Complaint against the Defendant CHECK PLUS SYSTEMS, L.P. d/b/a CPS SECURITY

("Defendant" or "CPS"), respectfully sets forth, complains and alleges, upon information and

belief, the following:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action on his own behalf and on behalf of similarly situated

consumers for damages and declaratory and injunctive relief arising from the Defendant's

violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the

Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349

## PARTIES

        2.      Plaintiff is a resident of the State of New York, residing at 2055 McGraw Avenue

Apt 2H, Bronx, NY 10462-8066.

        3.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.      Defendant CPS is a Texas business entity engaged in business of collecting debts with its principal place of business located at 11118 Wurzbach Rd., Suite 100, San Antonio, TX 78230-2610.

5.      CPS is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7.      The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

9.      Plaintiffs bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers who resided in the State of New York, along with their successors in interest, who have received similar debt collection letters and/or communications from the Defendant seeking payment of an alleged consumer debt due to CPS which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of CPS.

10.      This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

11.    The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection letters and/or communications from the Defendant which violates various provisions of the FDCPA.

12.    The debt collection letters and/or communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

13.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (I) Whether the Defendant violated various provisions of the FDCPA; (II) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (III) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (IV) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

14.    Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

15.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 U.S.C. §1692(k).

16.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

17.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or

varying standards for the parties.

18.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

19.     Plaintiffs will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

20.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

21.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

21.     On information and belief, on a date better known to the Defendant, HOME SHOPPING NETWORK ("HSN"), either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to CPS for collection ("the alleged debt").

22.     The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     In or about September 2010, Defendant sent Plaintiff a collection letter dated September 20, 2010 ("LETTER"). A true and correct copy of Defendant's letter is herein attached as ***Exhibit A***.

24.     Defendant's LETTER is a pre-printed, mass-produced communication.

25.     Defendant's LETTER lists an amount due of $79.33.

26.     Defendant's LETTER contains "MEMBER OF MAJOR CREDIT BUREAUS" in its letterhead.

27.     Defendant's LETTER begins with a heading in bold capital letters: "CONFIDENTIAL" "FORMAL NOTICE OF PAYMENT DEFAULT" and below this heading states "REINSTATEMENT PERIOD 10 DAYS ONLY".

28.     Defendant's LETTER and language contained therein constitutes false, deceptive, misleading and unfair representations in that the LETTER is made to appear as a legal document or legal process and further creates a false impression as to its source in violation of 15 U.S.C. §1692e-preface, (2)(A), (5), (9), (10) and (13) and §1692f-preface.

29.     Defendant's LETTER contains a second heading in bold capitals of at least 20 points in size: "YOUR ACCOUNT STATUS IS NOW BEING REPORTED AS DEFAULTED"

30.     Said language in Defendant's LETTER caused Plaintiff to believe that the alleged debt was being reported as "defaulted" to the all of the "major credit bureaus".

31.     Defendant's LETTER goes on to state that Plaintiff can "protect his credit standing and future purchasing privileges" by making payment to Defendant.

32.   Defendant's LETTER goes on to state that "no information regarding this default has been released by this office to any third party companies such as credit bureaus or credit rating services"

33.   Said language in Defendant's LETTER is contradictory and confusing and causes Plaintiff to be uncertain as to whether the alleged debt in "default" has or has not been reported to "major credit bureaus".

34.   Said language "MEMBER OF MAJOR CREDIT BUREAUS" in the letterhead of Defendant's LETTER is in itself deceptive, misleading and unfair in violation of 15 U.S.C. § 1692d-preface; § 1692e-preface, (2), (5), (8), (9), (10), and (16); and § 1692f-preface.

35.   Said language "MEMBER OF MAJOR CREDIT BUREAUS" in the letterhead of Defendant's LETTER gives Plaintiff and class members the false representation or implication that Defendant operates or is employed by a consumer reporting agency 15 U.S.C. § 1692e-preface, (2), (9), (10), and (16) and § 1692f-preface.

36.   Defendant's LETTER states, "SHOULD YOU IGNORE THIS CURE NOTICE AND FAIL TO MAKE PAYMENT, THIS OFFICE WILL HAVE NO ALTERNATIVE BUT TO NOTIFY THE MERCHANT AND REFER THIS DEBT TO THE COLLECTION DEPARTMENT FOR IMMEDIATE ACTION."

37.   Defendant's language in the LETTER is false, deceptive, misleading and unfair in that Defendant is threatening to place the alleged debt with the merchant's collection department for collection efforts due to non-response when the alleged debt has already been placed with Defendant, a debt collector, for collection.

38.   Defendant's LETTER contains a § 1692e(10) and (11) notice at the very bottom and in a font far small than the main content of the LETTER giving credence to the idea that the

alleged debt has already been placed with Defendant, a debt collector, and for the purposes of collection.

39.     Defendant's language in the LETTER is abusive and threatening in that it accuses Plaintiff of failing to reply to previous notices sent by Defendant by presuming that neither Defendant's "previous notices" nor Plaintiff's "reply" to such notices were not otherwise lost, misplaced, or ignored by Defendant.

40.     Defendant's LETTER constitutes false, deceptive, misleading and unfair representations in violation of 15 U.S.C. §1692e-preface, (2)(A), (5), (8), (9), (10), (13) and (16) and §1692f-preface.

41.     Defendant's LETTER and language therein constitutes harassment and abuse in violation of 15 U.S.C. §1692d-preface.

42.     Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish, stress, and emotional distress as a result of Defendant's harassment and actions.

43.     Defendant violated the FDCPA.

44.     Defendant violated the NYS General Business Law §349.

45.     Therefore due to the Defendant's gross violations of the FDCPA Plaintiff and similarly situated consumers have been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47.     Defendant's debt collection attempts attempted and/or directed towards the

Plaintiff and class members violate various provisions of the FDCPA, including but not limited to the following:

    a.    15 U.S.C. §1692d-preface.

    b.    15 U.S.C. §1692e-preface, (2), (5), (9), (10), (11), (13) and (16).

    c.    15 U.S.C. §1692f-preface.

48.    As a result of defendant's violations of the FDCPA, Plaintiff and class members have been damaged and are entitled to damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
**NEW YORK STATE GENERAL BUSINESS LAW §349**

49.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

50.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.    The Defendant violated NYS Gen. Bus. Law §349(a).

51.    As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff JAMES PUCKETT and class members demand judgment from the Defendant CHECK PLUS SYSTEMS, L.P. d/b/a CPS SECURITY as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and General Business Law

    B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A);

and General Business Law

     C.     For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

     D.     For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3); and General Business Law

     E.     A declaration that the Defendant's practices violated the FDCPA and General Business Law

     F.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JAMES PUCKETT and class members hereby respectfully request a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:     August 12, 2011

Respectfully submitted,

By:

Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff JAMES PUCKETT

# CPS SECURITY
### P. O. Box 782408
### San Antonio, Texas 78278

MEMBER OF
MAJOR CREDIT BUREAUS

Telephone 1-877-882-5153
Fax 1-210-641-1894

**NOTE: VERIFICATION OF MAILING RECORDED THIS DATE**

State License # NY 1158837
Notice Date 09/20/2010

CONFIDENTIAL

FORMAL NOTICE
OF PAYMENT DEFAULT

REINSTATEMENT PERIOD
10 DAYS ONLY

**JAMES H PUCKETT - 2983765**
**2055 MCGRAW AVE APT 2H**
**BRONX, NY 10462-8015**

## YOUR ACCOUNT STATUS IS NOW REPORTED AS DEFAULTED
## PLEASE BRING YOUR ACCOUNT CURRENT TODAY

By failing to make your scheduled payment, your account with this important merchant has moved into a defaulted position. Protect your credit standing and future purchasing privileges by making payment today by major credit card or check by phone. Our customer service agents are on duty and able to immediately credit your account and place this account into a current status.

<u>PLEASE NOTE!</u> NO INFORMATION REGARDING THIS DEFAULT HAS BEEN RELEASED BY THIS OFFICE TO ANY THIRD PARTY COMPANIES SUCH AS CREDIT BUREAUS OR CREDIT RATING SERVICES. YOU DISPLAYED YOUR GOOD INTENTIONS BY MAKING A PARTIAL PAYMENT WITH THIS MERCHANT. THIS OFFICE ACCEPTED YOUR PAYMENT WITH THE CONDITION THAT THE FUTURE PAYMENT WOULD BE RECEIVED BY THIS OFFICE AS YOU PROMISED. PLEASE CALL 1-877-882-5153 TO KEEP YOUR WORD.

<u>CAUTION!</u> SHOULD YOU IGNORE THIS CURE NOTICE AND FAIL TO MAKE PAYMENT, THIS OFFICE WILL HAVE NO ALTERNATIVE BUT TO NOTIFY THE MERCHANT AND REFER THIS DEBT TO THE COLLECTION DEPARTMENT FOR IMMEDIATE ACTION. THIS NOTICE AND ALL FURTHER STEPS AND EFFORTS UNDERTAKEN BY THIS AGENCY WILL BE IN COMPLIANCE WITH ALL APPLICABLE STATE AND FEDERAL LAWS.

JAMES H PUCKETT, Your Reference # is 2983765 [P2], Total Due as of 09/20/2010 $ 79.33
Breakdown of Amount
    79.33    HSN

EXHIBIT "A"

THIS HAS BEEN SENT TO YOU FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ALL INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.